IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV52-1-MU

| | |
|---|---|
| CHARLES RIPPY-BEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CLERK OF SUPERIOR COURT, et al., )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's "Complaint of Lost Inheritance," filed May 11, 2009.

Petitioner has filed an eighty-six page document with the Court entitled "Complaint of Lost Inheritance." He lists the Catawba Superior Court, Catawba County, and the City County Manager as the opposing parties. Petitioner's rambling filing is difficult to discern but it appears that the basis of his filing is that because he is Moorish and not a citizen of this land the courts have no jurisdiction over him. By way of relief he seeks release from prison, one hundred thousand dollars in damages, an official recognition of his Moorish American nationality, receipt of governmental benefits such as free taxes and grands, and the erasure of his prior record and payment for the years he has been imprisoned.

The Court notes that it is difficult to discern the precise nature of Petitioner's filing. The Court has docketed this filing as a federal habeas petition pursuant to 28 U.S.C. § 2254.[1] However, regardless of whether the present filing is construed as a federal habeas petition or a civil rights complaint, it must be dismissed.

As an initial matter, the Court notes that, in either instance, no proper *in forma pauperis* motion has been filed. Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petitioner's petition must be accompanied by the applicable filing fee or a motion for leave to proceed *in forma pauperis* including an affidavit. Petitioner has not paid the filing fee. Nor has Petitioner filed a motion for *in forma pauperis* status[2] or the required affidavit As such, Petitioner has failed to comply with Rule 3. Likewise, if construed as a civil rights complaint, the filing must be accompanied by an affidavit as set forth in 28 U.S.C. § 1914(a)(1). Again, no such affidavit accompanied the instant filing.

Moreover, regardless of Petitioner failure to comply with the *in forma pauperis* requirements, his filing is dismissed because he has failed to comply with the applicable rules of either a federal habeas petition or a civil complaint. That is, Petitioner has failed to comply with Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts which requires that a petition must substantially follow either the form appended to the rules or a form prescribed by a local district-court rule. Petitioner's filing does not conform to any form.

---

[1] The Court notes that Petitioner filed a prior federal habeas petition which was dismissed as untimely. (5:07cv125)

[2] The Court notes that Petitioner wrote on the back of one of his sheets of paper that he was requesting to proceed in forma pauperis. Such request does not constitute a motion and certainly does not satisfy the affidavit requirement.

2

Likewise, if construed as a civil rights complaint, Petitioner has failed to comply with Rule 8 of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Here sufficient notice has not been provided.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Complaint of a Lost Inheritance" is **DISMISSED** without prejudice.

Signed: May 27, 2009

Graham C. Mullen
United States District Judge